CAROLINE D. CIRAOLO
Acting Assistant Attorney General

YAEL BORTNICK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6632 (v)
202-307-0054 (f)
Yael.Bortnick@usdoj.gov

Of Counsel:
ANNETTE L. HAYES
Acting United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-cv-405 |
| Plaintiff, | |
| v. | **United States of America's COMPLAINT** |
| WILLIAM A. SYGITOWICZ; LOUISE A. SYGITOWICZ; GORDON IVERSON; CAROL IVERSON; and WHATCOM COUNTY TREASURER, | |
| Defendants. | |

The United States of America (the "United States"), by and through its undersigned counsel, hereby alleges as follows:

1. This is a civil action timely brought by the United States (1) to reduce to judgment the outstanding federal tax assessments against the Defendants, William A. Sygitowicz and Louise A. Sygitowicz, ("Defendants Sygitowicz") (2) to determine that property transferred

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

by Defendants William A. Sygitowicz and Louise A. Sygitowicz to nominees Gordon Iverson and Carol Iverson ("Defendants Iverson") is subject to federal tax and judgment liens, or in the alternative, to set aside as fraudulent the purported transfer of real property from Defendants Sygitowicz to Defendants Iverson, and (3) to foreclose federal tax and judgment liens against a parcel of real property, located in Whatcom, County, Washington, described below.

2. This action is brought at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service (the "Service"), a delegate of the Secretary of the Treasury, under 26 U.S.C. §§ 7401 and 7403.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action under 26 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

4. Venue is proper in the Western District of Washington in accordance with 28 U.S.C. §§ 1391(b) and 1396 because Defendants Sygitowicz reside in this judicial district, judgment was rendered against Defendants Sygitowicz within this district, and the real property on which the United States seeks to foreclose is located in this judicial district. Because Defendants Sygitowicz are believed to reside in Whatcom County and the real property at issue in this case is located in Whatcom County, pursuant to LCR 3(d), this action should be assigned to the Court in Seattle.

**DEFENDANTS**

5. William A. Sygitowicz resides within this judicial district and is made a party to this suit because he has unpaid federal tax assessments, the United States has tax and judgment

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

liens against him, and because he is the owner of the real property that is the subject of this Complaint.

6. Louise A. Sygitowicz resides within this judicial district and is made a party to this suit because she has unpaid federal tax assessments, the United States has tax and judgment liens against her, and because she is the owner of the real property that is the subject of this Complaint.

7. Gordon Iverson is named as a Defendant because he is the alter-ego, nominee, and/or fraudulent transferee of Defendants Sygitowicz, and pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the real property that is the subject of this Complaint.

8. Carol Iverson is named as a Defendant because she is the alter-ego, nominee, and/or fraudulent transferee of Defendants Sygitowicz, and pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the real property that is the subject of this Complaint.

9. Whatcom County Treasurer is named as a Defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property that is the subject of this Complaint.

### THE SUBJECT PROPERTY

10. The United States seeks to foreclose federal tax liens against one parcel of real property (the "Subject Property") that is commonly known as 1864 Academy Road, Bellingham, Washington 98226, and legally described as follows:

> THAT PORTION OF LOT 2, BLOCK 21, PLAT OF EAST SILVER BEACH, WHATCOM COUNTY, WASHINGTON, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 3 OF PLATS, PAGE 19, RECORDS OF WHATCOM COUNTY, WASHINGTON, DESCRIBED AS FOLLOWS:
>
> BEGINNING AT THE SOUTHWEST CORNER OF SAID LOT 2; RUNNING THENCE NORTH 200 FEET; THENCE EAST 270 FEET; THENCE SOUTH 200 FEET; THENCE WEST 270 FEET TO THE POINT OF BEGINNING.

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

1     SITUATE IN WHATCOM COUNTY, WASHINGTON.

2     11.     Defendants Sygitowicz, as husband and wife, acquired the Subject Property by statutory warranty deed dated June 26, 1970. Defendants Sygitowicz have lived in the Subject Property continuously since 1970.

## GENERAL ALLEGATIONS

12.     On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Defendants Sygitowicz for unpaid federal income taxes (Form 1040), penalties, interest, and other statutory additions as follows:

| Tax Year | Adjusted Gross Income | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of March 16, 2015 |
|---|---|---|---|---|---|
| 1993 | $130,889.00 | 06/17/1996 | Tax Assessed: | $30,084.00 | |
| | | " | Estimated Tax Penalty: | $1,130.62 | |
| | | " | Late Filing Penalty: | $6,141.15 | |
| | | " | Failure to Pay Tax Penalty: | $3,684.69 | |
| | | " | Interest Assessed: | $6,685.52 | |
| | | 08/26/1996 | Fees and Collection Costs: | $16.00 | |
| | | 06/26/2006 | Fees and Collection Costs: | $128.00 | |
| | | 05/03/2010 | Interest Assessed: | $69,013.61 | |
| | | " | Failure to Pay Tax Penalty: | $3,138.81 | $0.00 |
| 1994 | $156,677.00 | 06/24/1996 | Tax Assessed: | $35,047.22 | |
| | | " | Estimated Tax Penalty: | $1583.28 | |
| | | " | Late Filing Penalty: | $7,339.55 | |
| | | " | Failure to Pay Tax Penalty: | $2,416.50 | |
| | | " | Interest Assessed: | $4,142.19 | |
| | | 05/03/2010 | Interest Assessed: | $74,979.37 | |
| | | " | Failure to Pay Tax Penalty: | $5,738.55 | $0.00 |
| 1995 | $81,689.00 | 07/29/1996 | Tax Assessed: | $10,675.00 | |
| | | " | Estimated Tax Penalty: | $392.79 | |
| | | " | Late Filing Penalty: | $339.44 | |
| | | " | Failure to Pay Tax Penalty: | $150.86 | |
| | | " | Interest Assessed: | $189.37 | |
| | | 04/21/1997 | Fees and Collection Costs: | $16.00 | |
| | | 05/03/2010 | Interest Assessed: | $2,144.48 | |
| | | " | Failure to Pay Tax Penalty: | $1,734.89 | $4,178.79 |

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6632

| | | | | | |
|---|---|---|---|---|---|
| | | 10/04/2010 | Interest Assessed: | $85.40 | |
| | | 02/07/2011 | Interest Assessed: | $398.55 | |
| | | 01/09/2012 | Interest Assessed: | $381.30 | |
| | | 02/06/2012 | Interest Assessed: | $400.20 | |
| | | 03/05/2012 | Interest Assessed: | $400.20 | |
| | | 04/09/2012 | Interest Assessed: | $400.20 | |
| | | 04/16/2012 | Fees and Collection Costs: | $124.00 | |
| | | 05/07/2012 | Interest Assessed: | $276.00 | |
| | | 06/04/2012 | Interest Assessed: | $400.20 | |
| | | 07/09/2012 | Interest Assessed: | $400.20 | |
| | | 08/06/2012 | Interest Assessed: | $416.85 | |
| | | 09/03/2012 | Interest Assessed: | $416.85 | |
| | | 11/25/2013 | Interest Assessed: | $8,383.50 | |
| | | 11/24/2014 | Interest Assessed: | $167.90 | |
| 1997 | $205,238.00 | 05/31/1999 | Tax Assessed: | $57,713.00 | |
| | | " | Late Filing Penalty: | $11,893.27 | |
| | | " | Failure to Pay Tax Penalty: | $3,700.13 | |
| | | " | Interest Assessed: | $5,418.32 | |
| | | 02/07/2000 | Fees and Collection Costs: | $28.91 | |
| | | 08/18/2008 | Fees and Collection Costs: | $130.00 | |
| | | 11/21/2011 | Failure to Pay Tax Penalty: | $9,514.61 | |
| | | 11/25/2013 | Interest Assessed: | $93,475.45 | |
| | | 11/24/2014 | Interest Assessed: | $5,375.84 | $184,082.25 |
| 1998 | $157,764.00 | 02/07/2000 | Tax Assessed: | $28,322.00 | |
| | | " | Estimated Tax Penalty: | $1,055.00 | |
| | | " | Late Filing Penalty: | $3,205.44 | |
| | | " | Failure to Pay Tax Penalty: | $1,187.00 | |
| | | " | Interest Assessed: | $1,683.59 | |
| | | 02/07/2005 | Fees and Collection Costs: | $38.00 | |
| | | 11/21/2005 | Failure to Pay Tax Penalty: | $4,748.80 | |
| | | 04/20/2009 | Fees and Collection Costs: | $84.00 | |
| | | 07/04/2011 | Fees and Collection Costs: | $124.00 | |
| | | 11/25/2013 | Interest Assessed: | $37,415.62 | |
| | | 11/24/2014 | Interest Assessed: | $2,225.58 | $76,209.53 |
| 1999 | $99,881.00 | 01/10/2005 | Tax Assessed: | $19,199.00 | |
| | | " | Estimated Tax Penalty: | $643.00 | |
| | | " | Late Filing Penalty: | $3,143.47 | |
| | | " | Failure to Pay Tax Penalty: | $3,492.75 | |
| | | " | Interest Assessed: | $5,751.79 | |
| | | 11/25/2013 | Interest Assessed: | $15,268.74 | |
| | | 11/24/2014 | Interest Assessed: | $1,283.71 | $43,957.23 |
| 2000 | $117,138.00 | 12/27/2004 | Tax Assessed: | $22,551.00 | |
| | | " | Late Filing Penalty: | $3,937.72 | |
| | | " | Failure to Pay Tax Penalty: | $3,850.22 | |
| | | " | Interest Assessed: | $4,642.52 | $49,399.53 |

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | 11/21/2011 | Failure to Pay Tax Penalty: | $525.02 |  |
|  |  | 11/25/2013 | Interest Assessed: | $17,047.78 |  |
|  |  | 11/24/2014 | Interest Assessed: | $1,442.63 |  |
| 2001 | $110,038.00 | 12/27/2004 | Tax Assessed: | $15,042.00 |  |
|  |  | " | Estimated Tax Penalty: | $219.00 |  |
|  |  | " | Late Filing Penalty: | $1,335.60 |  |
|  |  | " | Failure to Pay Tax Penalty: | $979.44 |  |
|  |  | " | Interest Assessed: | $1,017.88 |  |
|  |  | 11/21/2011 | Failure to Pay Tax Penalty: | $504.56 |  |
|  |  | 11/25/2013 | Interest Assessed: | $5,424.95 |  |
|  |  | 11/24/2014 | Interest Assessed: | $468.20 | $16,032.53 |
| 2003 | $163,307.00 | 12/13/2004 | Tax Assessed: | $26,054.00 |  |
|  |  | " | Estimated Tax Penalty: | $133.00 |  |
|  |  | " | Late Filing Penalty: | $3,107.70 |  |
|  |  | " | Failure to Pay Tax Penalty: | $980.80 |  |
|  |  | " | Interest Assessed: | $761.37 |  |
|  |  | 07/04/2005 | Fees and Collection Costs: | $89.28 |  |
|  |  | 11/21/2011 | Failure to Pay Tax Penalty: | $4,834.20 |  |
|  |  | 11/25/2013 | Interest Assessed: | $16,315.97 |  |
|  |  | 03/17/2014 | Fees and Collection Costs: | $174.00 |  |
|  |  | 11/24/2014 | Interest Assessed: | $1,498.51 | $51,389.70 |
| **Total:** |  |  |  |  | $425,249.56 |

13. On April 8, 1997, a duly authorized delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington against Defendants Sygitowicz for their unpaid federal income tax (Form 1040) liabilities for the 1995 tax year.

14. On June 9, 2006, a duly authorized delegate of the Secretary of the Treasury filed a Refiled Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington against Defendants Sygitowicz for their unpaid federal income tax (Form 1040) liabilities for the 1995 tax year.

15. On January 5, 2000, a duly authorized delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington

United States of America's COMPLAINT
(Case No. 2:15-cv-405)                               6                    **U.S. DEPARTMENT OF JUSTICE**
                                                                          Tax Division, Western Region
                                                                          P.O. Box 683
                                                                          Washington, D.C. 20044
                                                                          Telephone: 202-514-6632

against Defendants Sygitowicz for their unpaid federal income tax (Form 1040) liabilities for the 1997 tax year.

16. On January 14, 2005, a duly authorized delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington against Defendants Sygitowicz for their unpaid federal income tax (Form 1040) liabilities for the 1998 tax year.

17. On March 27, 2009, a duly authorized delegate of the Secretary of the Treasury filed a Refiled Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington against Defendants Sygitowicz for their unpaid federal income tax (Form 1040) liabilities for the 1998 tax year.

18. On June 10, 2005, a duly authorized delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington against Defendants Sygitowicz for their unpaid federal income tax (Form 1040) liabilities for the 1999, 2000, 2001, and 2003 tax years.

19. On July 11, 2006, Defendants Sygitowicz, along with their son, Daniel Sygitowicz, and his wife, Kelly Sygitowicz, filed a complaint to quiet title to the Subject Property against the United States. *See Sygitowicz v. United States of America*, Case No. 2:06-cv-00962-TSZ (W.D. Wash., July 11, 2006). On March 5, 2007, the United States filed a Complaint against Defendants Sygitowicz, Daniel and Kelly Sygitowicz, and potential creditors, to reduce to judgment the federal tax assessments against Defendants Sygitowicz described in paragraph 12, above, to declare Daniel and Kelly Sygitowicz as alter-egos and/or nominees of Defendants Sygitowicz, and to foreclose related federal tax liens on the Subject Property. *See*

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

*United States of America v. Sygitowicz*, Case No. 2:07-cv-00340-TSZ (W.D. Wash., March 5, 2007). The court consolidated the cases on June 27, 2007.

20.     On December 13, 2007, the parties entered into a settlement agreement to allow Defendants Sygitowicz to sell the Subject Property. *See Sygitowicz v. United States of America*, Case No. 2:06-cv-00962-TSZ (W.D. Wash., Nov. 13, 2008). Defendants Sygitowicz were unable to sell the Subject Property within the time allowed by the settlement agreement. *Id*. The parties agreed to a consent judgment and stipulated order for judicial sale. *Id*.

21.     On January 22, 2009, the United States District Court for the Western District of Washington entered judgment against Defendants Sygitowicz and in favor of the United States. *See Sygitowicz v. United States of America*, Case No. 2:06-cv-00962-TSZ (W.D. Wash., January 22, 2009).

22.     After judgment was entered, the United States entered into an agreement with Defendants Sygitowicz by which the United States withdrew its motion for an order of judicial sale to allow Defendants Sygitowicz to sell the Subject Property for an approved price at a voluntary sale. On March 11, 2010, Defendants Sygitowicz purported to convey title to the property by Statutory Warranty Deed to Defendants Iverson in exchange for $10.00 consideration. On March 12, 2010, the Service received a check for $256,019.89. In exchange, the United States' withdrew its motion for an order of judicial sale. *See Sygitowicz v. United States*, Case No. CV06-962-TSZ, Dkt. # 73.

23.     The March 12, 2010 payment was applied toward Defendants Sygitowicz's unpaid federal tax liabilities described in paragraph 12, above, and satisfied Defendants Sygitowicz's 1993 and 1994 tax liabilities. There remains due and owing from Defendants

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

Sygitowicz $425,249.56, plus interest and statutory additions from March 16, 2015, for the assessments described in paragraph 12, above, for tax years 1995, 1997 through 2001, and 2003.

24. On March 19, 2010, the Service filed a Certificate of Discharge of Property from Federal Tax Lien with the Whatcom County Recorder's Office, which acknowledged receipt of the payment and discharged the Service's liens against the Subject Property.

**COUNT ONE: REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT**

25. The United States incorporates and re-alleges as if fully stated herein each of the allegations in paragraphs 1 through 24.

26. Defendants Sygitowicz had adjusted gross income of $90,440.00 for the 2010 tax year.

27. Defendants Sygitowicz filed a 2010 IRS Form 1040 on or about October 21, 2011 (U.S. Individual Income Tax Return). Defendants 2010 IRS Form 1040 showed taxes owing of $23,682.00, but Defendants did not submit any payment with their return.

28. On February 6, 2012, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Defendants Sygitowicz for unpaid federal income tax for the 2010 year in the amount of $24,837.00, a failure to pay penalty in the amount of $1,144.10, and interest in the amount of $707.38. Fees and collection costs were assessed against Defendants Sygitowicz in the amount of $170.00 on May 7, 2012.

29. On November 25, 2013, a duly authorized delegate of the Secretary of the Treasure made timely assessments against Defendants Sygitowicz for a failure to pay penalty for the 2010 tax year in the amount of $4,813.17 and interest in the amount of $1,444.68. Fees and collection costs were assessed against Defendants Sygitowicz in the amount of $64.00 on December 23, 2013.

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

30. On November 24, 2014, a duly authorized delegate of the Secretary of the Treasure made timely assessments against Defendants Sygitowicz for a failure to pay penalty for the 2010 tax year in the amount of $51.97 and interest in the amount of $983.19.

31. As of March 16, 2015, the unpaid balance due and owing of the assessment, accrued interest, penalties, and other statutory additions as provided by law was $33,415.49 for the 2010 tax year based on the assessments described in paragraphs 28-30, above.

32. Notice and demand for payment of the assessments described in paragraphs 28-30, above, was provided to and made upon Defendants Sygitowicz.

33. On April 13, 2012, in order to provide notice to third parties of statutory liens in compliance with 26 U.S.C. § 6323, a duly authorized delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington against Defendants Sygitowicz for their unpaid federal income tax (Form 1040) liabilities for the 2010 tax year.

34. Despite timely notice and demand for payment of the assessments described above, Defendants Sygitowicz have neglected or refused to make payment to the United States the amounts set forth in paragraphs 28-30, above.

35. The United States has established a claim against Defendants Sygitowicz in the amount of $33,415.40 for unpaid federal income taxes, plus interest and other statutory additions as provided by law from March 16, 2015.

36. Under 26 U.S.C. § 7403(c), the Court should adjudge that the United States' claim constitutes a lien upon all assets of Defendants Sygitowicz.

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

## COUNT TWO: DETERMINE THAT DEFENDANTS SYGITOWICZ ARE THE TRUE OWNERS OF THE SUBJECT PROPERTY

37. The United States incorporates and re-alleges as if fully stated herein each of the allegations in paragraphs 1 through 36.

38. Based upon information and belief, Defendant William A. Sygitowicz provided all funds for the purported March 2010 sale of the property to Defendant Gordon Iverson, referenced in paragraph 22, above. Defendant Gordon Iverson posed as a buyer of the Subject Property because of his personal relationship with Defendants Sygitowicz.

39. Despite the purported transfer of the Subject Property to Defendants Iverson referenced in paragraph 22, above, from 1970 to the present, Defendants Sygitowicz have remained in continuous use, possession, and control of the subject property, paid for expenses and associated property taxes, and have enjoyed all burdens and benefits of ownership. Defendants Sygitowicz have made no rent payments to Defendants Iverson. To the extent that Defendants Iverson hold an interest in the Subject Property, they do so as the nominee or alter-ego of Defendants Sygitowicz.

40. Based upon information and belief, Defendants Iverson have retained their own residence and exercise no control or interest over the Subject Property.

41. The purported conveyance to Defendants Iverson was fraudulent as to the United States.

42. The purported conveyance of the Subject Property to Defendants Iverson should be set aside pursuant to Washington's Uniform Fraudulent Transfer Act, RCW 19.40.011, et seq., because Defendants Sygitowicz did not receive a reasonably equivalent value in exchange for the lien, Defendants Sygitowicz became insolvent as a result of the transfer, and the transfer

was made to an insider with actual intent to hinder, delay, or defraud the collection of Defendants' tax debts.

43. Defendants Sygitowicz are the true, legal owners of the Subject Property despite the purported conveyance described in paragraph 22, above.

44. Any claim to or interest in the property by Defendants Iverson is fraudulent and/or non-existent. Any such claims or interests were part of a scheme to defraud creditors of Defendants Sygitowicz, including the United States, and have no merit.

45. Defendants Sygitowicz should be found to be the true owners of the Subject Property, and the federal tax and judgment liens arising from Defendants Sygitowicz' unpaid tax liabilities attach to the Subject Property.

**COUNT THREE: FORECLOSE FEDERAL TAX LIENS AND JUDGMENT LIEN**

46. The United States incorporates and re-alleges as if fully stated herein each of the allegations in paragraphs 1 through 45.

47. On November 3, 2011 the United States recorded an Abstract of Judgment of the judgment described in paragraph 21, above, with the Whatcom County Auditor.

48. Pursuant to the Judgment described in paragraph 21, above, and 28 U.S.C. § 3201(a), the United States has a valid judgment lien against the Subject Property.

49. Under 28 U.S.C. § 3201(b), the United States' judgment lien has priority over any other lien or encumbrance that is perfected later in time.

50. Additionally, pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments set forth in paragraph 12, above, and attached to all property and rights to property of Defendants Sygitowicz, including the Subject Property.

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

51.     Because Defendants Sygitowicz reacquired the Subject Property, pursuant to 26 U.S.C. § 6325(f)(3), the Certificate of Discharge of Property, described in paragraph 24, above, is void.

52.     On March 23, 2012, in order to provide notice to third parties of statutory liens in compliance with 26 U.S.C. § 6323, a duly authorized delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington against Defendants Iverson, as nominees of Defendants Sygitowicz for the unpaid federal income tax (Form 1040) liabilities of Defendants Sygitowicz for tax years 1995, 1997 through 2001, and 2003.

53.     The tax liens arising from the assessments described in paragraph 12, above, have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

54.     On March 7, 2014, a duly authorized delegated pf the Secretary of the Treasury filed a Refiled Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington against Defendants Iverson, as nominees of Defendants Sygitowicz for the unpaid federal income tax (Form 1040) liabilities of Defendants Sygitowicz for tax years 1999 through 2001 and 2003.

55.     Pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments set forth in paragraphs 28-30, above, and attached to all property and rights to property of Defendants Sygitowicz, including the Subject Property.

56.     On April 13, 2012, a duly authorized delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington against Defendants Sygitowicz for tax year 2010.

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

13

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6632

57.     On November 21, 2013, in order to provide notice to third parties of statutory liens in compliance with 26 U.S.C. § 6323, a duly authorized delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington against Defendants Iverson, as nominees of Defendants Sygitowicz for the unpaid federal income tax (Form 1040) liabilities of Defendants Sygitowicz for tax year 2010.

58.     The tax liens arising from the assessments described in paragraphs 28-30, above, have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

59.     Under 26 U.S.C. § 7403(c) and 28 U.S.C. § 3201, the United States is entitled to enforce its federal tax liens and judgment lien against the Subject Property, which should be sold free and clear of all rights, titles, liens, claims, and interests of the parties to this action, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Defendants Sygitowicz in accordance with the law.

WHEREFORE, the Plaintiff, the United States, prays as follows:

A.      That this Court determine and adjudge that Defendants Sygitowicz are indebted to the United States in the amount of $33,415.40 as of March 16, 2015, less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against Defendants Sygitowicz and in favor of the United States;

B.      That this Court determine and adjudge that the United States has valid federal tax and judgment liens against all property and rights to property of Defendants Sygitowicz, including, but not limited to, their interest in the Subject Property;

United States of America's COMPLAINT
(Case No. 2:15-cv-405)                              14                **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6632

C. That this Court determine and adjudge that Defendants Iverson are a nominee and/or alter-ego of Defendants Sygitowicz and that Defendants Iverson are not purchasers of the Subject Property as that term is defined in 26 U.S.C. § 6323(h)(6);

D. That this Court determine and adjudge that the purported conveyance of the Subject Property to Defendants Iverson was a fraudulent conveyance and of no effect as to the lien claims of the United States, and that they be set aside;

E. That this Court determine and adjudge that Defendants Iverson have no legally cognizable interest in the Subject Property;

F. That this Court determine the interests of the other named defendants in the Subject Property and their respective priority to a distribution of proceeds from a sale of the Subject Property;

G. That the federal tax and judgment liens against Defendants Sygitowicz encumbering the Subject Property be foreclosed;

H. That the Subject Property be sold with the proceeds applied to the delinquent federal tax liabilities of Defendants Sygitowicz; and

I. That the United States be granted its costs and fees herein, and such other and further relief as this Court deems just and proper.

DATED this 17th day of March, 2015.

Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

*/s/ Yael Bortnick*
YAEL BORTNICK
Trial Attorney, Tax Division
U.S. Department of Justice

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

15

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

P.O. Box 683
Washington, D.C.  20044
202-514-6632 (v)
202-307-0054 (f)
Yael.Bortnick@usdoj.gov

Of Counsel:
ANNETTE L. HAYES
Acting United States Attorney

United States of America's COMPLAINT
(Case No. 2:15-cv-405)

16

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6632