1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM A SYGITOWICZ, et al.

Defendants.

C15-405 TSZ

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

THIS MATTER came on for a bench trial on June 1, 2016.  The plaintiff was represented by Dylan Cerling and Yael Bortnick, attorneys for the U.S. Department of Justice, Tax Division, and the defendants were present and represented by David E. Vis of Britain & Vis, PLLC.  At the conclusion of trial, the Court took the matter under advisement.  The Court now enters its Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.      Defendants Sygitowicz, as husband and wife, acquired the Subject Property by statutory warranty deed dated June 26, 1970.  Exhibit 1.  The Subject Property is commonly known as 1864 Academy Road, Bellingham, Washington 98226, and legally described as follows:

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

1
2
3
4

THAT PORTION OF LOT 2, BLOCK 21, PLAT OF EAST SILVER BEACH, WHATCOM COUNTY, WASHINGTON, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 3 OF PLATS, PAGE 19, RECORDS OF WHATCOM COUNTY, WASHINGTON, DESCRIBED AS FOLLOWS:

5
6

BEGINNING AT THE SOUTHWEST CORNER OF SAID LOT 2; RUNNING THENCE NORTH 200 FEET; THENCE EAST 270 FEET; THENCE SOUTH 200 FEET; THENCE WEST 270 FEET TO THE POINT OF BEGINNING.

7

SITUATE IN WHATCOM COUNTY, WASHINGTON.

8      2.      Defendants Sygitowicz have lived on the Subject Property since they

9  purchased it in 1970.

10      3.      Since 2004, William A. Sygitowicz has owned and operated Vineyard

11  Development Group, which is a real estate consultant group.

12      4.      In April 2004, Defendants Sygitowicz transferred legal title to the Subject

13  Property to their son, Daniel Sygitowicz, and his wife, Kelly Sygitowicz, by Quit Claim

14  Deed.  Exhibit  2.

15      5.      This transfer was made after Defendants Sygitowicz were aware of their

16  federal tax liabilities for the years 1993-1995, 1997-2001, and 2003.

17      6.      Daniel and Kelly Sygitowicz never paid Defendants Sygitowicz any money

18  for the Subject Property.

19      7.      Defendants Sygitowicz continued to reside at and enjoy the use of the

20  Subject Property despite the purported transfer to Daniel and Kelly Sygitowicz, including

21  using it as security for a loan they received from Robert and Carolyn Julin.

22

23

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

8.      On July 11, 2006, William A. Sygitowicz and Louise A. Sygitowicz, together with Daniel and Kelly Sygitowicz, filed a complaint against the United States in this court to quiet title to the Subject Property under Cause No. C06-962-TSZ.

9.      On March 5, 2007, the United States filed a complaint, against William A. Sygitowicz, Louise A. Sygitowicz, Daniel and Kelly Sygitowicz, and potential creditors, in this court under Cause No. C07-340-TSZ, (1) to reduce to judgment federal tax assessments against Defendant William Sygitowicz, (2) to declare Daniel and Kelly Sygitowicz the alter-egos and/or nominees of Defendants William and Louise Sygitowicz, and (3) to foreclose federal tax liens on the Subject Property.

10.      The Court consolidated C06-962-TSZ and C07-340-TSZ on June 27, 2007, under Cause No. C06-962-TSZ (herein referred to as "*Sygitowicz I*").

11.      On August 30, 2007, in *Sygitowicz I*, the Court granted the United States' Motion for Summary Judgment and dismissed with prejudice Defendants Sygitowicz's complaint to quiet title to the Subject Property.

12.      On December 13, 2007, the parties entered into a settlement agreement on the remaining issues, which allowed Defendants Sygitowicz 180 days to sell the Subject Property.

13.      Defendants Sygitowicz were unable to sell the Subject Property within the time allowed by the settlement agreement, but the parties stipulated to an additional 60 days to sell the Subject Property.  After Defendants Sygitowicz were again unable to sell the Subject Property, the parties agreed to a second modification to the original settlement agreement, whereby Defendants Sygitowicz would either make a payment to

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

the United States within 60 days of the modification or stipulate to judgment and allow the United States to foreclose on the Subject Property.

14.     Defendants Sygitowicz failed to make a payment to the United States in accordance with the settlement agreement.

15.     On January 22, 2009, in *Sygitowicz I*, the United States District Court for the Western District of Washington entered a consent judgment against William A. Sygitowicz and Louise A. Sygitowicz and in favor of the United States in the amount of $591,274.02, as of November 12, 2008, for tax years 1993-1995, 1997-2001, and 2003, plus statutory interest and other additions as provided by law.  *Sygitowicz I*, docket no. 60.  Additionally, the Court ordered that the judgment shall attach via lien to the Subject Property, and could be satisfied by foreclosure of said lien.  A certified copy of the abstract of judgment was filed with the Whatcom County Auditor on November 3, 2011.  Exhibit 3.

16.     After judgment was entered, the United States filed a motion for an order of judicial sale, which was originally noted for hearing on September 18, 2009.  Thereafter, Defendants Sygitowicz professed to enter into a sale agreement with Gordon Iverson on October 13, 2009, with a closing date of October 30, 2009, for a purchase price of $275,000 in cash at closing.  Based on Defendants Sygitowicz's representations that they had a buyer for the Subject Property but needed additional time for the buyer to complete the sale, the United States re-noted its motion to sell the Subject Property on four separate occasions, ultimately continuing the noting day to March 19, 2010.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

17.     Defendants Sygitowicz have been close friends with both Gordon Iverson and Carol Iverson, husband and wife ("Iversons"), for more than thirty years.

18.     Defendants Sygitowicz claim that the Iversons agreed to buy the Subject Property and to lease the Subject Property back to the Defendants Sygitowicz. Defendants Sygitowicz and Gordon Iverson executed a Residential Real Estate Purchase and Sale Agreement dated October 13, 2009.  Exhibit 4.  The Agreement was accepted by Defendants Sygitowicz contingent on the approval of the Internal Revenue Service.  *See* Addendum/Amendment to Purchase and Sale Agreement, Exhibit 5.

19.     William A. Sygitowicz provided the initial $1,000 earnest money deposit, which was required to be paid under the terms of the October 13, 2009, Agreement.

20.     On October 13, 2009, Defendants Sygitowicz and Gordon Iverson signed a rental agreement, Exhibit 21, which provided as follows:

> Bill and Louise Sygitowicz agree to rent 1864 Academy Road, Bellingham, Washington from Gordon Iverson for $1000/monthly beginning 30 days after Gordon Iverson completes purchase of this property.

> Payments made to Gordon Iverson at address shown below.

> Sygitowicz shall pay all utilities, taxes, insurance, and maintenance.  Property tax, insurance, and major maintenance shall be credited toward rental payments.

> Sygitowicz shall give Iverson at least 120 days notice prior to terminating this rental agreement.

21.     Defendants Sygitowicz never advertised the Subject Property for sale.

22.     Defendants Sygitowicz never attempted to sell the Subject Property to anyone other the Defendants Iverson.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5

23.     At all times material, Defendants Sygitowicz knew that the Iversons would not provide the funds to buy the property.

24.     Christopher M. Secrist, a close friend of Defendants Sygitowicz for many years, agreed to assist William A. Sygitowicz in connection with the purported "sale" to the Iversons.

25.     William A. Sygitowicz took $100,000 from his business, Vineyard Development Group, and borrowed $175,000 from Christopher M. Secrist, which William A. Sygitowicz then deposited into escrow to complete the "sale" of the Subject Property to the Iversons.

26.     On March 11, 2010, a statutory warranty deed, Exhibit 23, was recorded in Whatcom County, which transferred legal title to the Subject Property from Defendants Sygitowicz to Defendants Gordon Iverson and Carol Iverson.

27.     On March 12, 2010, the Internal Revenue Service received a check for $256,019.89 from escrow in connection with the "sale."  As a result, the United States withdrew its motion for an order of judicial sale and thereafter, on March 19, 2010, the Government filed a Certificate of Discharge of Property from Federal Tax Lien with the Whatcom County Auditor's Office, which acknowledged receipt of the payment and discharged the federal tax liens against the Subject Property.  *See* Exhibit 31.  On May 15, 2011, the United States issued a Revocation of Certificate of Release of Federal Tax Lien, Exhibit 37, which was recorded in Whatcom County on May 23, 2011.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6

28.     The March 12, 2010, payment of $256,019.89 was applied toward Defendants Sygitowicz's unpaid federal tax liabilities, and satisfied Defendants Sygitowicz's 1993 and 1994 tax liabilities.

29.     The parties have agreed that there remains due and owing from Defendants Sygitowicz $425,249.56, plus interest and statutory additions from March 16, 2015, for tax years 1995, 1997 through 2001, and 2003.  Pretrial Order, Admitted Fact 46.

30.     After legal title to the Subject Property was transferred to the Iversons, Defendants Sygitowicz's use of the Subject Property did not change in any way. Defendants Sygitowicz alone have resided in the Subject Property since the Subject Property was transferred to Defendants Iverson.  At all times material, Defendants Sygitowicz alone have paid, or provided funds to pay, all taxes, insurance premiums, and utilities related to the Subject Property.

31.     On May 23, 2014, William A. Sygitowicz requested a cashier's check in the name of Gordon Iverson, which he then remitted to the Whatcom County Treasurer so that it appeared that the property tax was being paid by Gordon Iverson.

32.     Defendants Sygitowicz alone have paid for all maintenance and improvements for the Subject Property since legal title was transferred to Defendants Iverson.

33.     At all times material, Defendants Sygitowicz have exercised complete control over the Subject Property.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 7

34.     Defendants Sygitowicz purported to sell the Subject Property to Defendants Iverson to evade payment of their federal income tax liabilities and to conceal their interests in the Subject Property from the Internal Revenue Service.

35.     Carol Iverson has filed a stipulation, docket no. 55, disclaiming any interest in the Subject Property.  Carol Iverson did not testify at trial.  Carol Iverson has no interest in the Subject Property.

36.     Gordon Iverson testified at trial.  He admitted that he never provided any money to buy the Subject Property, he never received any payments or benefits from the purchase of or lease of the Subject Property, and he claims no interest in the Subject Property.  Although the Subject Property remains in the name of the Iversons, Gordon Iverson testified that if the Subject Property was sold, he would not be entitled to any of the proceeds.  Gordon Iverson has no interest in the Subject Property.

37.     Although Gordon Iverson testified that he originally intended to "buy" the Subject Property, he knew by at least January 2010 that he could not do so.  The Court finds Gordon Iverson's testimony that he originally intended to buy the Subject Property not credible, that Defendants Iverson never intended to buy the Subject Property, and that the transaction was structured by Defendants Sygitowicz to evade payment of their federal income tax liability.  Since the purported sale in March 2011, Defendants Iverson have held the Subject Property as nominee for Defendants Sygitowicz.

38.     Defendant Secrist did not testify at trial.  Secrist loaned $175,000 to Defendants Sygitowicz pursuant to a Loan Agreement dated March 10, 2010.  Exhibit 20. Secrist has never made a demand for repayment of this unsecured loan.  These funds

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 8

1    were used by Defendants Sygitowicz to structure the purported sale to the Iversons.

2    Secrist has disclaimed any interest in the Subject Property, docket no. 30, and as a result

3    he was previously dismissed as a defendant.  Secrist has no interest in the Subject

4    Property.

5        39.    On March 23, 2012, a delegate of the Secretary of the Treasury filed a

6    Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington

7    identifying "Gordon Iverson and Carol Iverson, husband and wife, as nominees of

8    William A. Sygitowicz and Louise A. Sygitowicz, husband and wife" and referencing the

9    United States' tax liens for the 1995, 1997 through 2001, and 2003 income tax years.

10       40.    On April 13, 2012, a delegate of the Secretary of the Treasury filed a

11   Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington

12   against "Bill A & Louise A Sygitowicz" for the 2010 income tax year.

13       41.    On November 21, 2013, a delegate of the Secretary of the Treasury filed a

14   Notice of Federal Tax Lien with the County Auditor for Whatcom County, Washington

15   identifying "Gordon Iverson and Carol Iverson, husband and wife, as nominees of

16   William A. Sygitowicz and Louise A. Sygitowicz, husband and wife" and referencing the

17   United States' tax lien for the 2010 income tax year.

18       42.    The United States initiated this action on March 17, 2015.  The United

19   States filed its First Amended Complaint, docket no. 26, on November 3, 2015.

20       43.    On April 11, 2016, the Court granted partial summary judgment against

21   Defendants Sygitowicz in this action in the amount of $33,415.49 plus interest and other

22   statutory additions as provided by law, docket no. 43, for the tax year ending

23

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 9

1   December 31, 2010.  The Court also concluded that there was no just reason to delay

2   entry of partial judgment under Rule 54(b).  As a result, on April 28, 2016, judgment was

3   entered as to Count One of the First Amended Complaint, docket no. 43.  No appeal has

4   been filed in connection with this partial judgment.

5          44.     At trial, "Steve Baker," an IRS Revenue Officer, testified for the

6   government.  This is not the true name of the witness and his true name is contained in a

7   declaration, filed under seal, docket no. 57.  At trial this witness was unable to calculate

8   the amount of taxes, interest and penalties due as of trial.  Since trial, "Baker" has filed a

9   declaration regarding the balance of outstanding tax liabilities, docket no. 58, due as of

10  trial.  The Court makes no finding as to the total tax liability of Defendants Sygitowicz as

11  of trial.  As of trial, Defendants Sygitowicz have not had an opportunity to challenge the

12  "Baker" declaration.  The Court does, however, find that there remains due and owing at

13  least $425,249.56, plus interest and statutory additions from March 16, 2015, for tax

14  years 1995, 1997 through 2001, and 2003, together with $33,415.49 plus interest and

15  penalties as set forth in the partial judgment in this case, docket no. 43, for the tax year

16  2010.

17         45.     Defendant Whatcom County Treasurer was dismissed from this case,

18  docket no. 19, pursuant to a stipulation dated October 19, 2015.

19                          **CONCLUSIONS OF LAW**

20         1.      The Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 1340,

21  1345, and 7402.

22

23

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 10

1    2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396

2    because defendants reside in this district and the Subject Property is located in this

3    district.

4    3.    The United States has established that, on the various dates of assessment,

5    valid liens in favor of the United States arose against Defendants Sygitowicz and attached

6    to all of their property and rights to property, whether real or personal.

7    4.    The tax lien continues in full force until the liability is paid in full or

8    becomes unenforceable due to the lapse of time.  26 U.S.C. § 6322.

9    5.    26 U.S.C. § 6325(f)(3) ("Certificates Void under Certain Conditions")

10   provides:  "Notwithstanding any other provision of this subtitle, any lien imposed by this

11   chapter shall attach to any property with respect to which a certificate of discharge has

12   been issued if the person liable for the tax reacquires such property after such certificate

13   has been issued."

14   6.    A property previously discharged from a federal tax lien under § 6325(b)(2)

15   automatically becomes subject to the lien again if the taxpayer reacquires it.  26 U.S.C.

16   § 6325(b)(3).

17   7.    The Certificate of Discharge of Property did not affect the federal tax liens

18   that this Court held attached to the Subject Property in *Sygitowicz I*.

19   8.    Under 28 U.S.C. § 3201(a), "[a] judgment in a civil action shall create a

20   lien on all real property of a judgment debtor on filing a certified copy of the abstract of

21   the judgment in the manner in which a notice of tax lien would be filed under paragraphs

22   (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986.  A lien created under

23

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 11

1  this paragraph is for the amount necessary to satisfy the judgment, including costs and

2  interest."

3      9.    A judgment lien under 28 U.S.C. § 3201(a) has priority over any other lien

4  or encumbrance that is perfected later in time.  28 U.S.C. § 3201(b).

5      10.    The judgment lien is effective, unless satisfied, for 20 years. 28 U.S.C.

6  § 3201(c)(1).  The United States can assert state law claims in furtherance of tax

7  collection efforts without being bound by state statutes of limitation.  *United States v.*

8  *Summerlin*, 310 U.S. 414, 416 (1940).

9      11.    The United States filed a certified copy of the abstract of judgment in

10  *Sygitowicz I* with the Whatcom County Auditor on November 3, 2011, which satisfied

11  the requirements of 28 U.S.C. § 3201(a) and 26 U.S.C. §§ 6323(f)(1) and (2), and created

12  a judgment lien on all real property of Defendants Sygitowicz.  RCW 65.08.060(3);

13  RCW 65.08.070.

14      12.    The United States' judgment lien attached to the Subject Property, which

15  was owned by Defendants Sygitowicz when the lien arose. The United States' judgment

16  lien is effective and remains outstanding because the United States' judgment against

17  Defendants Sygitowicz has not yet been satisfied.  28 U.S.C. §§ 3201(a) & (c).

18      13.    When the Defendants Sygitowicz paid the United States $256,019.29 in

19  connection with the purported sale to the Iversons, the tax obligation of the taxpayers was

20  reduced by that amount and satisfied their 1993 and 1994 tax liabilities.  At all times

21  material, however, the Iversons held legal title to the Subject Property as a nominee or

22  alter ego of the taxpayers, and the Court may regard Iversons' property as the property of

23

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 12

1  Defendants Sygitowicz subject to all existing tax liens.  *G.M. Leasing Corp. v. United*
2  *States*, 429 U.S. 338, 350-51 (1977).

3       14.     In addition, the purported sale by Defendants Sygitowicz to the Iversons
4  was a fraudulent conveyance under Washington law.  RCW 19.40.041(a)(1).  The
5  transfer of legal title to the Iversons was made by Defendants Sygitowicz with the actual
6  intent to hinder, delay, or defraud the United States.  The transfer was also made without
7  adequate consideration paid by the Iversons.  Under Washington law, the transfer of the
8  legal title of the Subject Property to the Iversons was fraudulent and is subject to being
9  set aside.  *United States v. Smith*, 2012 WL 1977964 at *6 (W.D. Wash. June 1, 2012).

10      15.     The United States is entitled to judgment declaring that its tax liens are
11 enforceable against the Subject Property and Defendants Sygitowicz are not entitled to
12 any portion of the proceeds of the sale of the Subject Property until and unless the United
13 States' tax liens are satisfied.

14      16.     The United States is entitled to judgment against the Iversons.  They have
15 no interest in the Subject Property, and have no right to any proceeds from the sale of the
16 Subject Property.  The United States is also entitled to judgment declaring that no other
17 remaining defendant has any interest in the Subject Property and is not entitled to receive
18 any proceeds from the sale of the Subject Property.

19      17.     Pursuant to 26 U.S.C. § 6323(b)(6) and the Stipulation filed in this case,
20 docket no. 19, the United States recognizes the superior interest of the Whatcom County
21 Treasurer in the Subject Property by virtue of assessed and owing ad valorem property
22 taxes, penalty, and interest secured by the Whatcom County Treasurer's liens.  The

23

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 13

1   United States shall include in any proposed order of sale a provision that the net proceeds

2   of sale for each parcel, defined as the proceeds resulting from the sale of the property less

3   distribution to the United States for the costs of sale, shall be applied to satisfy the

4   property tax, penalty, and interest assessed and owing to the Whatcom County Treasurer

5   for the Subject Property prior to application of the funds to fully or partially satisfy the

6   United States' interest secured by federal tax liens.

7         18.     Defendants Sygitowicz's contention that the proceeds from the sale should

8   be refunded to the "contributing entities" (the $100,000 from Vineyard Development

9   Group and $175,000 from Christopher Secrist) has no legal basis.  If the "contributing

10  entities" had purchased a different piece of real property for the benefit of Defendants

11  Sygitowicz, the remaining tax liens would have applied to acquired property.  Neither

12  Christopher Secrist nor Vineyard Development Group has requested or is entitled to any

13  equitable relief.

14        19.     Defendants Sygitowicz's request that the Court exercise its equitable

15  authority to make "adjustments as the equities may require," *see* Supplemental Trial

16  Brief, docket no. 56, is without merit.  The Court may not invoke equity to alter or reduce

17  statutorily deferred interest rates.  *See Johnson v. United States*, 602 F.2d 734, 739 (6th

18  Cir. 1979).  26 U.S.C. § 6601 is a binding statutory directive.  *Purcell v. United States*,

19  1 F.3d 932, 943 (9th Cir. 1993).  In addition, Defendants Sygitowicz have admitted the

20  amount of liability in this case.  *See* Pretrial Order, docket no. 50, and Trial Brief, docket

21  no. 49 ("2010 tax liability . . . is not disputed.").

22

23

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 14

20.     Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979).  Here, the final judgment in *Sygitowicz I* determined on the merits that the United States is entitled to judgment. Defendants Sygitowicz cannot now claim that the amount of the judgment and the statutory interest rate, which was set by Congress and to which Defendants Sygitowicz agreed, is somehow unfair or inequitable.

21.     Defendants Sygitowicz's assertion that the Government acted inequitably in a 36-year-old dispute between Defendants Sygitowicz and the Forest Service is not relevant, and even if true, does not negate a finding that Defendants Sygitowicz are the true owners of the Subject Property and that it is subject to the tax liens levied against Defendants Sygitowicz.

22.     Defendants Sygitowicz also ask this Court to grant them equitable relief under all the circumstances.  Any person asking for equitable relief must come into court with clean hands.  In this case, Defendants Sygitowicz fraudulently transferred legal title to the Subject Property to the Iversons for the purpose of avoiding taxes.  These defendants are not entitled to any equitable relief under all the circumstances.

23.     The United States has properly filed Notices of Federal Tax Liens in the County Recorder's Office in and for Whatcom County, pursuant to 26 U.S.C. § 6323(a), and such liens attach to all property and rights to property of William and Louise Sygitowicz, including the Subject Property at issue in this case.  The United States has established that it has valid federal tax and judgment liens against the Subject Property,

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 15

and therefore, the United States is entitled to judgment and to foreclose those liens, sell the Subject Property, and apply the proceeds toward its tax liens. *See* 26 U.S.C. § 7403.

24.     The United States is entitled to costs and fees herein.

Based on the foregoing Findings of Fact and Conclusions of Law, the United States of America is directed to file a proposed final judgment and proposed order for judicial sale.  Defendants Sygitowicz shall have seven (7) days after such filings to file any objections to the proposed judgment and order of sale.

IT IS SO ORDERED.

Dated this 23rd day of June, 2016.

Thomas S. Zilly
United States District Judge

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 16